IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN HAMILTON, | ) |
| Plaintiff, | ) ) ) |
| vs | ) ) Civil Action No. 2:24-0675 ) Magistrate Judge Patricia L. Dodge |
| MARK BROTHERS, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, Shawn Hamilton ("Hamilton"), a prisoner who is incarcerated in the State Correctional Institution at Pine Grove, Pennsylvania ("SCI Pine Grove"), brings this pro se civil rights action against Mark Brothers, the Superintendent of SCI Pine Grove, and two unit managers, Amy Varner and Donald Bechota. He alleges that he was denied the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution when he was moved to a different housing unit that did not have a separate dayroom and exercise machines.

Pending before the Court is Defendants' motion to dismiss. For the reasons that follow, their motion will be granted.[1]

**I.   Procedural History**

Hamilton initiated this action on May 8, 2024 by submitting a Complaint with a motion to proceed in forma pauperis. After Hamilton resolved some deficiencies, the motion was granted and the Complaint was filed on August 1, 2024 (ECF No. 7).

Federal question jurisdiction is based on the civil right claim, which Hamilton asserts

---

[1] The parties have consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 17, 19.)

under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

On October 8, 2024, Defendants filed a motion to dismiss (ECF No. 12), which has been fully briefed (ECF Nos. 13, 20).

## II. Factual Background

Hamilton is a morning food service worker. He alleges that, on September 20, 2023, he was relocated from Housing Unit C-1-B-105 to Unit H-B-167, because of "food service job per order of C Unit Manager Amy Varner." According to Hamilton, the HB unit provided him with less dayroom recreational time and did not have exercise machines. He alleges that he was treated differently than other inmates in the same situation for 55 days, or until November 14, 2023. He specifically cites the more favorable treatment given to inmates Reed, Sims and Caninavo, who were in a HA unit that had more dayroom recreational time (7.5 hours as opposed to 4.5 in his unit) and exercise machines. (ECF No. 7-1 at 8-9.)

## III. Standard of Review

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged.

The Supreme Court has stated that "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## IV. Discussion

In this civil rights claim brought under 42 U.S.C. § 1983, Hamilton alleges a violation of the Fourteenth Amendment, which prohibits a state actor from depriving any of the "equal protection of the laws." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Defendants move to dismiss the claim for failure to state a claim and with respect to Superintendent Brothers, based upon the lack of his personal involvement. [2]

---

[2] Because the Court is dismissing the Complaint for failure to state a claim against any of the

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Claims for equal protection violations are subject to differing levels of scrutiny depending on the status of the claimant. Statutes or actions that substantially burden a fundamental right or target a suspect class must be reviewed under "strict scrutiny," which means that in order to be valid, they must be narrowly tailored to serve a compelling governmental interest. *Plyler v. Doe*, 457 U.S. 202, 216-17 (1982); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2000). On the other hand, if a statute or government action neither burdens a fundamental right nor targets a suspect class, it does not violate the Fourteenth Amendment's Equal Protection clause as long as the state action bears a rational relationship to some legitimate end. *Romer v. Evans*, 517 U.S. 620, 631 (1996); *Abdul-Akbar*, 239 F.3d at 317.

As Defendants note, Hamilton is not in a suspect class. *See Myrie v. Comm'r, N.J. Dep't of Corr.*, 267 F.3d 251, 263 (3d Cir. 2001) ("Prisoners, taken in the large, are not a 'discrete and insular minorit[y].' They are not a 'suspect classification.'"); *Abdul-Akbar*, 239 F.3d at 317 ("Neither prisoners nor indigents are suspect classes.")

Hamilton asserts in his response that he is alleging a "class of one" equal protection claim. According to that theory, a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S.

---

Defendants, it will be unnecessary to address Brothers' personal involvement argument.

562, 564 (2000)).

"Persons are similarly situated under the Equal Protection Clause when they are alike 'in all relevant aspects.'" *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 203 (3d Cir. 2008) (citation omitted). As a district court observed when presented with an equal protection claim arising out of decisions regarding prisoner pre-release programs:

> no two prisoners, being different human beings, will possess identical backgrounds and characters. Indeed, it is difficult to believe that any two prisoners could ever be considered "similarly situated" for the purpose of judicial review on equal protection grounds of broadly discretionary decisions because such decisions may legitimately be informed by a broad variety of an individual's characteristics.

*Rowe v. Cuyler*, 534 F. Supp. 297, 301 (E.D. Pa.), *aff'd*, 696 F.2d 985 (3d Cir. 1982). *See also Faruq v. McCollum*, 2013 WL 3283942, at *5 (D.N.J. June 25, 2013) ("with regard to security level and placement decisions that are based on individual factors and histories, it is hard to imagine that any inmate would be considered similarly situated."), *aff'd*, 545 F. App'x 84 (3d Cir. 2013).

Hamilton identifies three other inmates, Reed, Sims and Caninavo, who had the same security level as he did. He also highlights Reed, who, like Hamilton, was a morning food service worker. Notably, however, Hamilton does not allege facts to support his claim that these inmates were similarly situated in all relevant respects. *See Perano v. Twp. of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) ("At the motion to dismiss stage, [plaintiff] must allege facts sufficient to make plausible the existence of such similarly situated parties." (citations omitted)); *Carson v. Mulvihill*, 488 F. App'x 554, 563 (3d Cir. 2012) (rejecting class of one equal protection claim where inmate did not allege facts showing that he was similarly situated to other inmates or that there was no rational basis for his different treatment); *Williams v. Sorber*, 2024 WL 263933, at *4 (E.D. Pa. Jan. 24, 2024) (prisoner "does not allege sufficient facts from which

the Court can infer that the inmates on the second floor are similarly situated to the inmates on his floor, such as facts demonstrating that all inmates have the same inmate classification, privileges, restrictions, etc.") The Complaint includes no factual allegations that Hamilton was similarly situated in all respects to the three inmates he references. The mere fact that one was also a food service worker, or that all had the same security level or Z code status, falls far short of demonstrating that they were all similarly situated. Indeed, based upon the claim asserted by Hamilton, there is no basis to conclude that the three comparators that he has selected, based solely on their custody level or work position, are similarly situated. *See Lula v. Network Appliance, Inc.,* 2006 WL 1371132, at *5 (W.D. Pa. May 17, 2006) (Cercone, J.), *aff'd*, 245 F. App'x 149 (3d Cir. 2007) (individuals must be similarly situated in all material respects.)

Even if Hamilton had pleaded facts that could support the "similarly situated" requirement, he would still be required to show that the alleged differences in treatment were the result of intentional or purposeful discrimination. *See Christian v. Garman*, 2021 WL 1017251, at *9 (M.D. Pa. Mar. 17, 2021) (plaintiff, who claimed that other inmates were allowed on the track, failed to plead any facts that suggested he was intentionally treated differently from other similarly situated inmates.)

The allegations of Hamilton's Complaint are insufficient to sustain this aspect of an equal protection claim and fail to "nudge [Plaintiff's] claims of invidious discrimination across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680 (internal quotation marks omitted). Hamilton alleges that he was intentionally moved because of his food service job, not for any discriminatory reason. And while his primary complaint is that there were less recreation opportunities and exercise equipment and no separate day room in his housing unit where he was housed for several months, he does not assert that moving him to this unit was purposefully done

6

in order to limit his ability to exercise or for any other discriminatory reason.[3] Thus, there are no facts alleged that the differences Hamilton experienced in the housing unit to which he was moved were the result of intentional discrimination.[4]

Thus, Hamilton has failed to state a claim for violation of his right to equal protection.

## V. **Conclusion**

For these reasons, Defendants' motion to dismiss will be granted.

Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that amendment would be futile because Hamilton cannot overcome the deficiencies in his Complaint, including his admission that his placement in a different housing unit was not done for a discriminatory purpose. Thus, Hamilton could not plead facts to support that he was intentionally treated differently than other inmates, even in the unlikely event that he could allege sufficient facts to support that these inmates were similarly situated. *See Washington v. Wright*, 2023 WL 6927218, at *6 (W.D. Pa. Oct. 19, 2023) ("the Court can imagine no additional facts Plaintiff could plead that would overcome the deficiencies in his Complaint.")

Because amendment of this claim would be futile, the motion to dismiss will be granted with prejudice and without leave to amend this claim.

---

[3] Defendants also argue that inmates do not have a liberty interest in being placed in any particular housing location or custody level. *See Ford v. Bureau of Prisons*, 570 F. App'x 246, 251 (3d Cir. 2014). The Court notes that Hamilton has not alleged a due process claim, but even if his Complaint could be read to state such a claim, Defendants are correct that he does not have a liberty interest in being placed in a particular housing unit.

[4] This conclusion is also supported by the grievance documents attached to the Complaint. Hamilton's grievance and his appeals from their denial relate solely to the differences in exercise opportunities and the lack of a separate dayroom, and make no complaints about any purposeful or intentional conduct.

An appropriate order will follow.

Dated: February 13, 2025 

s/ Patricia L. Dodge
PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

cc: Shawn Hamilton
LK-3051
SCI Pine Grove
189 Fyock Road
Indiana, PA 15701