## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN HAMILTON,                )

                      )

            Plaintiff,        )

                      )

   vs                  )     Civil Action No. 2:24-0675

                      )

                      )     Magistrate Judge Patricia L. Dodge

MARK BROTHERS, et al.,      )

                      )

           Defendants.      )

## <u>MEMORANDUM OPINION</u>

Plaintiff, Shawn Hamilton ("Hamilton"), a prisoner who is incarcerated in the State Correctional Institution at Pine Grove, Pennsylvania ("SCI Pine Grove"), brought a pro se civil rights action against Mark Brothers, the Superintendent of SCI Pine Grove, and two unit managers, Amy Varner and Donald Bechota. In the Complaint, he alleged that he was denied the equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution because he was moved to a different housing unit that did not have a separate dayroom and exercise machines.

On February 13, 2025, a Memorandum Opinion (ECF No. 25) and Order (ECF No. 26) were issued, granting Defendants' motion to dismiss (ECF No. 12).[1] In the Opinion, the Court held that amendment of the Complaint would be futile because Hamilton could not overcome the deficiencies in his Complaint. The Court's Order also informed Hamilton that dismissal was with prejudice and that he had thirty days from that date (or until March 17, 2025) to file a notice of appeal with the district court clerk.

---

[1] The parties consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 17, 19.)

Pending before the Court is a motion to amend filed by Hamilton (ECF No. 28). For the reasons that follow, the Court will construe the motion as a motion to alter or amend the judgment under Rule 52(b) and will deny the motion.

### I.  <u>Procedural History</u>

Hamilton initiated this action on May 8, 2024 by submitting a Complaint with a motion to proceed in forma pauperis. After Hamilton resolved certain deficiencies, his motion was granted and the Complaint was filed on August 1, 2024 (ECF No. 7). Hamilton alleged that on September 20, 2023, he was relocated from Housing Unit C-1-B-105 to Unit H-B-167, because of "food service job per order of C Unit Manager Amy Varner." According to Hamilton, the HB unit provided him with less dayroom recreational time and did not have exercise machines. He alleged that he was treated differently than other inmates in the same situation for 55 days, or until November 14, 2023. He specifically cited the more favorable treatment given to inmates Reed, Sims and Caninavo, who were in a HA unit that had more dayroom recreational time and exercise machines. (ECF No. 7-1 at 8-9.)

On October 8, 2024, Defendants filed a motion to dismiss (ECF No. 12). Thereafter, on February 13, 2025, the Court filed a Memorandum Opinion finding that Hamilton could not state a claim for denial of equal protection because he was not in a suspect class and, with respect to the "class of one" theory that he asserted in response to the motion to dismiss, he did not allege that he was similarly situated to other inmates "in all relevant aspects" or that the alleged differences in treatment were the result of intentional or purposeful discrimination. The Court concluded that no amendment would cure these deficiencies. The Court issued an Order that granted Defendants' motion, dismissed the case with prejudice and without leave to amend, and informed Hamilton that he had thirty days in which to file a notice of appeal.

On March 5, 2025, Hamilton filed a "Motion to Amend Additional Findings" (ECF No. 28) that he states that he is filing under Rule 52(b).

In his motion, Hamilton contends that he has additional evidence of how he and certain other inmates were similarly situated but treated differently. Specifically, he submits: a declaration by inmate Terrence Reed that he is serving a life sentence without parole and is a morning food service worker but is housed in Unit H-A; Hamilton's declaration that inmate Sims is serving a life sentence without parole and has a Z-Code status but is housed in Unit H-A and received more hours of dayroom recreation; Hamilton's own declaration that he is serving a life sentence without parole and has a Z-Code status but was told by Unit Manager Bachota that he was moved to Unit H-B because of his Z-Code status; and the declaration of inmate Mark Love that he is serving a life sentence without parole and has a Z-Code status but also was told by Bachota that he was being moved to Unit H-B because of his Z-Code status.

## II.   Discussion

### A.  Construing Motion Under Rule 52(b)

The Supreme Court has stated that "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although Hamilton styles his motion as a "motion to amend," the Court previously determined that amendment would be futile and entered judgment against him. However, Hamilton also cites to Rule 52(b), which relates to amending a judgment. For these reasons, his motion will be construed as a motion to alter or amend the judgment under Rule 52(b).[2]

---

[2] Construing Hamilton's motion under this rule also provides him with an additional period of time within which to take an appeal to the Court of Appeals. Otherwise, the appeal period would only run through March 17, 2025.

3

B.  <u>Altering or Amending a Judgment</u>

Rule 52(b) states that, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Rule 52(b) allows a court to 'amend its findings or make additional findings and . . . amend the judgment accordingly.' The purpose of this motion is to allow a court to 'correct manifest errors of law or fact, or in limited circumstances, [for a party] to present newly discovered evidence.'" *Gutierrez v. Gonzales*, 125 F. App'x 406, 417 (3d Cir. 2005) (citing *Soberman v. Groff Studios Corp.*, 2000 WL 1253211, at *1 (S.D.N.Y. Sept.5, 2000)).

A party seeking reconsideration must show at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). *See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Hamilton has not met any of these grounds. He does not reference an intervening change in the controlling law nor is the Court otherwise aware of a change that would apply here.  He also provides no basis for the Court to conclude that it committed any error of law or fact. Moreover, while the declarations he has submitted are dated after the date of the Court's order dismissing this case, Hamilton does not state that the underlying facts or substance of these declarations was new or not known to him when he made the factual allegations in his Complaint. In fact, if anything, the additional information submitted in his motion undermines his "class of one" equal protection claim because he states that Unit Manager Bachota told both

4

him and inmate Love that they were being transferred to Unit H-B because of their Z-Code status.

Although Hamilton might disagree with the housing transfer decisions of the correctional institution in which he is housed, he has failed to state an equal protection claim. Therefore, he has not provided any basis for reconsidering the dismissal of his Complaint.

Rule 4 of the Federal Rules of Appellate Procedure provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). However, if a party files a motion to alter or amend the judgment under Rule 52(b),  the time to file an appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(ii).

Therefore, Hamilton has thirty days from the entry of the order denying his motion to amend in order to file a notice of appeal with the district court clerk.

### III.    Conclusion

For the reasons discussed above, Plaintiff's motion will be denied.

An appropriate order will follow.


Dated: March 7, 2025                                    /s/ Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        UNITED STATES MAGISTRATE JUDGE


cc:    Shawn Hamilton
       LK-3051
       SCI Pine Grove
       189 Fyock Road
       Indiana, PA 15701